IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KENNETH BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO.: |
| vs. | ) |
| | ) |
| **CITY OF MONTGOMERY;** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. Plaintiff, Kenneth Baker ("Plaintiff"), an employee of The City of Montgomery ("Defendant"), seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from Defendant arising from Defendant's violation of rights guaranteed to Plaintiff under The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. Seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993 (the FMLA).

## STATEMENT OF JURISDICTION

2. This is a suit authorized and instituted pursuant to The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., Title VII of the Civil Rights Act

1

of 1964, as amended by the Civil Rights Act of 1991, and Family and Medical Leave Act of 1993 (the FMLA).

3. This Court has original jurisdiction, pursuant to 29 U.S.C.A. § 2617(a)(2) and 28 U.S.C. § 1331, as this civil action arises under the laws of the United States cited above.

4. Venue is proper in this district, pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Alabama located in this judicial district.

## STATEMENT OF PARTIES

5. Plaintiff is an adult African American male resident of this Judicial District and Division and had foot surgery causing Plaintiff to utilize FMLA leave.

6. Defendant, The City of Montgomery ("Defendant"), is a government entity of the United States and is an employer within the meaning of The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq. Defendant is doing business within this District and Division.

## STATEMENT OF FACTS

7. Plaintiff is an African American male who suffered a foot injury causing Plaintiff to utilize FMLA leave.

8. Plaintiff was an Assistant Municipal Court Bailiff working in the Montgomery Municipal Court for Defendant.

9. Plaintiff worked as an Assistant Municipal Court Bailiff on day shift at the Montgomery Municipal Court for many years. Plaintiff is qualified to do the job of Assistant Municipal Court Bailiff.

10. In 2022, Plaintiff filed a charge of discrimination against the City of Montgomery for equal pay (Charge number 420-2022-02561).

11. In or about November, 2022, Plaintiff had foot surgery to repair a foot injury, which temporarily prevented Plaintiff from working. Plaintiff used FMLA leave during the initial portion of his recovery.

12. During the months of January to April of 2023, Plaintiff was communicating with Plaintiff's supervisor regarding Plaintiff's recovery and return to work. During the above communications Plaintiff's supervisor pressured Plaintiff to resign. Plaintiff did not resign.

13. In April 2023, Plaintiff submitted a request for a "reasonable accommodation" that would assist Plaintiff in Plaintiff's return to work. Plaintiff was still recovering from the foot surgery. Plaintiff's request was denied.

14. On April 14, 2023, Plaintiff was wrongfully terminated for allegedly abandoning Plaintiff's employment.

15. Plaintiff did not abandon his employment.

## COUNT ONE
## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101 et. seq., AS AMENDED

3

16.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through fifteen (15) as if fully set forth herein.

17.     The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq., prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

18.     In or about November, 2022, Plaintiff had foot surgery to repair a foot injury, which temporarily prevented Plaintiff from working.  Plaintiff used FMLA leave during the initial portion of his recovery.

19.     During the months of January to April of 2023, Plaintiff was communicating with Plaintiff's supervisor regarding Plaintiff's recovery and return to work. During the above communications Plaintiff's supervisor pressured Plaintiff to resign.

20.     In April 2023, Plaintiff submitted a request for a "reasonable accommodation" that would assist Plaintiff in Plaintiff's return to work.  Plaintiff was still recovering from the foot surgery.

21.     On April 14, 2023, Plaintiff was wrongfully terminated for allegedly abandoning Plaintiff's employment and the Defendant refused Plaintiff's request for a reasonable accommodation.

22. Plaintiff did not abandon his employment.

23. The Defendant refused to make reasonable accommodations to the known physical and/or mental limitations of Plaintiff namely failing to assign Plaintiff a job duty to assist in Plaintiff's recovery.

24. Defendant has discriminated against Plaintiff in the advancement, terms, conditions, and privileges of his employment on the basis of his disability in violation of The Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

## COUNT TWO
## RETALIATION IN VIOALTION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12203 et. seq., AS AMENDED

25. Plaintiff hereby adopts and re-alleges paragraphs one (1) through fifteen (15) as if fully set forth herein.

26. The Americans with Disabilities Act, 42 U.S.C. § 12203 et. seq., prohibits discrimination against any individual because such individual has opposed any act or practice made unlawful by this chapter.

27. In or about November, 2022, Plaintiff had foot surgery to repair a foot injury, which temporarily prevented Plaintiff from working. Plaintiff used FMLA leave during the initial portion of his recovery.

28. During the months of January to April of 2023, Plaintiff was communicating with Plaintiff's supervisor regarding Plaintiff's recovery and return

5

to work.  During the above communications Plaintiff's supervisor pressured Plaintiff to resign.  Plaintiff did not resign.

29.   In April 2023, Plaintiff submitted a request for a "reasonable accommodation" that would assist Plaintiff in Plaintiff's return to work.  Plaintiff was still recovering from the foot surgery.

30.   On April 14, 2023, Plaintiff was wrongfully terminated for allegedly abandoning Plaintiff's employment after Defendant refused Plaintiff's request for a reasonable accommodation.

31.   Plaintiff did not abandon his employment.

32.   Defendant retaliated against Plaintiff by terminating the Plaintiff, denying Plaintiff's request for reasonable accommodation, and by pressuring Plaintiff to resign because Plaintiff took steps to enforce his lawful rights under The Americans with Disabilities Act, 42 U.S.C. § 12101 et. Seq. in asking for a reasonable accommodation due to his foot surgery.

33.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT THREE
## RETALIATION IN VIOLATION OF THE FMLA

34.   Plaintiff hereby adopts and re-alleges paragraphs one (1) through fifteen (15) as if fully set forth herein.

35. The FMLA allows "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2).

36. The Family and Medical Leave Act (FMLA) prohibits employers from retaliating against employees who request time off or otherwise exercise their rights under the FMLA.

37. In or about November, 2022, Plaintiff had foot surgery to repair a foot injury, which temporarily prevented Plaintiff from working. Plaintiff used FMLA leave during the initial portion of his recovery.

38. During the months of January to April of 2023, Plaintiff was communicating with Plaintiff's supervisor regarding Plaintiff's recovery and return to work. During the above communications Plaintiff's supervisor pressured Plaintiff to resign.

39. On April 14, 2023, Plaintiff was wrongfully terminated for allegedly abandoning Plaintiff's employment. Plaintiff did not abandon his employment.

40. Defendant has unlawfully retaliated against the Plaintiff by terminating the Plaintiff, denying Plaintiff's request for reasonable accommodation, and by pressuring Plaintiff to resign because Plaintiff exercised his rights under the FMLA.

41. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT FOUR
## PLAINTIFF'S CLAIMS OF RETALIATION
## IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT

42. Plaintiff hereby adopts and re-alleges paragraphs one (1) through fifteen (15) as if fully set forth herein.

43. Plaintiff has been retaliated against by Defendant because of Plaintiff's prior EEOC charge in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

44. In In 2022, Plaintiff filed a charge of discrimination against the City of Montgomery for equal pay (Charge number 420-2022-02561).

45. In or about November, 2022, Plaintiff had foot surgery to repair a foot injury, which temporarily prevented Plaintiff from working. Plaintiff used FMLA leave during the initial portion of his recovery.

46. During the months of January to April of 2023, Plaintiff was communicating with Plaintiff's supervisor regarding Plaintiff's recovery and return to work. During the above communications Plaintiff's supervisor pressured Plaintiff to resign. Plaintiff did not resign.

47. In April 2023, Plaintiff submitted a request for a "reasonable accommodation" that would assist Plaintiff in Plaintiff's return to work. Plaintiff was still recovering from the foot surgery.

48. On April 14, 2023, Plaintiff was wrongfully terminated for allegedly abandoning Plaintiff's employment. Plaintiff did not abandon his employment.

49. The Defendant has unlawfully retaliated against the Plaintiff in violation of Title VII because of Plaintiff's prior EEOC charge by terminating the Plaintiff, denying Plaintiff's request for reasonable accommodation, and by pressuring Plaintiff to resign.

50. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages, as a consequence of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A. Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of law referenced herein;

B. Grant Plaintiff an order enjoining Defendants and all persons acting in concert with Defendants from engaging in discriminatory and retaliatory employment practices;

C.	Grant Plaintiff the appropriate amounts of back-pay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied and/or demoted, or in the alternative, front pay;

D.	Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.	Award Plaintiff costs and expenses, including an award of reasonable attorney's fees; and,

F.	Award such other relief as may be appropriate.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.

Respectfully Submitted,

/s/ Scott Morro
Scott Morro (ASB-4954-C30M))
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 631-6302
morrowlawcenter@bellsouth.net

**DEFENDANTS TO BE SERVED VIA SPECIAL PROCESS SERVER**